IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO.

ADAM HILL,
individually and on behalf of all,
others similarly situated,  **CLASS ACTION**

    Plaintiff,  **JURY TRIAL DEMANDED**

v.

ADORE ME, INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Adam Hill brings this class action against Defendant Adore Me, Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1.  This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA"), arising from Defendant's violations of the TCPA and its implementing regulations.

2.  Defendant is women's underwear company.

3.  To market its services, Defendant send solicitation text messages in violation of the National Do Not Call Registry and the TCPA's Do Not Call regulations.

4.  Through this action, Plaintiff seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

1

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

6.  Defendant is subject to personal jurisdiction in Florida pursuant to Fla. Stat. § 48.193(1)(a)(1) because Defendant operates, conducts, engages in, or carries on a business or business venture in this state. Defendant is also subject to personal jurisdiction pursuant to Fla. Stat. § 48.193(1)(b)(2) because Defendant is engaged in substantial and not isolated activity within this state.

7.  Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this Circuit.

## PARTIES

8.  Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), and a citizen of and domiciled in Volusia County, Florida.

9.  Defendant is Michigan corporation maintains its primary place of business and headquarters in New York, NY. Defendant directs, markets, and provides business activities throughout the State of Florida.

10. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11. Beginning in May 2020, Defendant sent numerous solicitation text messages to Plaintiff's cellular telephone number ending in 0033 (the "0033 Number"), incluiding the following:



12. The text messages originated from telephone number 23673, a number which upon information and belief is owned and operated by Defendant.

3

13. On May 22, 2020, after the texts began, Plaintiff revoked any consent by texting "STOP" as requested by Defendant's previous text message.

14. Notwithstanding, Plaintiff continued to receive unsolicited text messages from Defendant.

15. The failure to stop texting is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

16. At the time Plaintiff received the text messages he was the subscriber and/or sole user of the 0033 Number.

17. The 0033 Number is Plaintiff's personal cell phone number and not a business phone number.

18. The 0033 Number has been registered with the National Do Not Call Registry since May 11, 2012.

19. Defendant's text messages constitute telemarketing and/or solicitations because they encourage the purchase or rental of, or investment in, Defendant's property, goods, or services. Specifically, the texts encourage the purchase of Defendant's products.

20. Upon information and belief, Defendant caused similar solicitation text messages to be sent to individuals residing within this judicial district.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

21. Plaintiff brings this lawsuit on behalf of themselves individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure

1.220(b)(2) and (b)(3). The classes that Plaintiff seeks to represent is comprised of and defined as:

> **DO NOT CALL CLASS:** All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services.
>
> **Internal Do Not Call Class**: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's residential telephone number, (5) after the person had requested to Defendant to not receive any more telephonic communications from Defendant.

22. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

23. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

24. Upon information and belief, Defendant has placed calls to telephone numbers belonging to thousands of consumers throughout the United States in violation of the national DNC. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

26. There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the members of the Class are:

   a) Whether Defendant initiated solicitation text messages calls to telephone numbers listed on the National Do Not Call Registry;

   b) Whether Defendant initiated solicitation text messages calls to telephone numbers listed on the National Do Not Call Registry after the person had requested the messages to stop;

   c) Whether Defendant is liable for damages, and the amount of such damages; and

   d) Whether Defendant should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

28. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

32. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-31 as if fully set forth herein.

33. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

34. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

35. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

36. Any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

37. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

38. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

8

39. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT II

### Violations of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200

### (On Behalf of Plaintiff and the Internal Do Not Call Class)

40. Plaintiff re-alleges and incorporates paragraphs 1-31 as if fully set forth herein.

41. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

42. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

43. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive future calls on their cellular telephone numbers from Defendant.

44. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

45. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

46. Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

47. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

48. As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

49. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order declaring that Defendant's actions, as set out above, violate the TCPA;

b) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

c) An injunction prohibiting Defendant from initiating calls to telephone numbers listed on the National Do Not Call Registry and mandating Defendant to honor opt our requests and maintain an internal Do Not Call list.

d) As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47

   C.F.R. § 64.1200, Plaintiff seeks for herself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for themselves and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: August 19, 2021

Respectfully submitted,

By: */s/ Ignacio Hiraldo*
Ignacio Hiraldo, Esq.
Fl. Bar No. 56031
**IJH Law**
1200 Brickell Ave. Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

*Attorneys for Plaintiff and the Proposed Class*