UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM HILL,
Individually and on behalf of all
others similarly situated,

        Case No: 6:21-cv-1931-RBD-GJK

    Plaintiff,

v.

ADORE ME, INC.,

    Defendant.
_____/

**DEFENDANT ADORE ME, INC.'S AMENDED MOTION TO DISMISS THE CLASS ACTION COMPLAINT AND AMENDED MOTION TO STRIKE THE PUTATIVE CLASS ALLEGATIONS AND MEMORANDUM IN SUPPORT**

Comes now, Defendant Adore Me, Inc. ("Adore Me"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and hereby files it's Amended Motion to Dismiss Plaintiff's Class Action Complaint ("Complaint"), with prejudice, and Amended Motion to Strike the Putative Class Allegations pursuant to Rule 12(f)[1] and in support thereof states as follows:

**I.    STATEMENT OF THE PRECISE RELIEF REQUESTED**

Plaintiff, Adam Hill ("Hill"), alleges that he provided his cellphone number to Adore Me and agreed that Adore Me could contact him. Despite this, Hill now

---

[1] These motions are amended to add the Local Rule 3.01 (g) Certification

1

has filed a putative class action against Adore Me for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b), and seeks to recover "damages" for three marketing text messages he allegedly received from Adore Me. Adore Me requests that Hill's Complaint be dismissed for the reasons set for the below. In the alternative, if the Court declines to grant Adore Me's Motion to Dismiss, Adore Me nonetheless requests that the court strike Plaintiff's class allegations from the Complaint pursuant to Federal Rule of Civil Procedure 12(f) because the proposed class is impermissibly fail-safe.

## II. STATEMENT OF THE BASIS FOR THE REQUESTED RELIEF

First and foremost, Hill lacks standing to bring this lawsuit because he has not alleged a concrete particularized injury. The Complaint fails to specify how the text messages allegedly received by Hill harmed Hill, thus, the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Hill's Complaint also fails to state a claim under the TCPA and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for several reasons: (1) Hill does not allege Adore Me used an "automatic telephone dialing system" as required by the statute; (2) Hill does not allege a violation of 47 U.S.C. § 227(c) for Adore Me's purported failure to maintain procedures relating to the handling of opt-out requests because the regulation relied upon by Hill in this regard does not create a private cause of action; and (3) finally, given Hill's failure to state a claim for a violation of the TCPA, he has also failed to state a

claim for treble damages. Thus, Hill's overzealous claims fail as a matter of law and should be dismissed with prejudice.

In the alternative, if the Court declines to grant Adore Me's Motion to Dismiss, it should nonetheless strike Plaintiff's class allegations from the Complaint pursuant to Federal Rule of Civil Procedure 12(f) because the proposed class is impermissibly fail-safe. Plaintiff's alleged class precludes membership unless Adore Me's liability is established. Because the alleged class requires individualized, merit-based determinations to ascertain class membership, it is facially invalid.

### III.   STATEMENT OF FACTS

Plaintiff has filed the current class action lawsuit seeking to recover $1,500 for each text message sent by Adore Me to Hill after Hill allegedly "opted-out" of receiving such messages. Plaintiff does not dispute that he was, at one time, a customer of Adore Me, who authorized and accepted text messages from Adore Me. Count I seeks to recover treble damages for the texts as violations of 47 U.S.C. § 227(c)(5) because "Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government." Compl. at ¶ 37. Count I seeks to

recover treble damages on the theory the alleged statutory violations were "knowing and/or willful". *Id.* at 39.

Count II seeks to recover damages for Adore Me's "refusal to honor opt-out requests [which] is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list." Compl. at ¶ 45. For this alleged failure of Adore Me to maintain internal procedures for a do-not-call list as set forth in 47 C.F.R. 64.1200(d) and for the alleged corresponding violation of 47 U.S.C. § 227(c)(5), the Plaintiff seeks treble damages. *Id.* at 48. Each of Plaintiff's claims is subject to dismissal as a matter of law as discussed below.

## MEMORANDUM IN SUPPORT OF THIS MOTION TO DISMISS AND MOTION TO STRIKE

### I. Legal Standard For Standing

Article III of the Constitution limits the jurisdiction of the Federal Courts to the consideration of "cases" and "controversies". *U.S. Constitution Art. III, § 2*. The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Circuit 2004). To establish the "injury in fact" component of Article III standing, the Plaintiff must allege that he suffered "a harm . . . that is concrete and actual or imminent, not conjectural or hypothetical."

*Id.* "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Reg'l Health Care Systems, Inc*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Florida Dept. of Transportation*, 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)). An injury as concrete where it is "real, and not abstract." *Spokeo Inc. v. Robins*, 136 S.Ct.1540, 1548 (2016). An injury is particularized when it "affect[s] the plaintiff in a personal and individual way." *Id.* at 1543. "The requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Institute*, 555 U.S. 488, 497, 129 S.Ct. 1142 (2009).

## II. Hill Has Not Plead A Concrete Injury-In Fact Sufficient To Establish Standing To Sue Under The TCPA

Hill's Complaint, which alleges that he received a mere three text messages after opting-out of receiving such messages, is completely void of any allegations of an "injury" as a result of any allege TCPA statutory violation. Indeed, in the Complaint, the Plaintiff fails to address how allegedly receiving three text message creates concrete harm adequate to confer Constitutional standing. The Complaint merely provides a recitation of the elements of a TCPA violation but fails to specify how the text messages harmed Plaintiff.

Courts have repeatedly held that TCPA violations alone do not satisfy the injury in-fact requirement of standing. *Salcedo v. Hanna,* 936 F.3d 1162, 1165 (11th Cir. 2019)(the chirp, buzz, or blink of a cell phone receiving a single text . . . is

not basis for invoking the jurisdiction of the federal courts.) The fact that the TCPA allows private suits for such calls does not somehow elevate this non-injury into a concrete injury sufficient to create Article III standing. *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1002-03 (11th Cir. 2016) ("[C]oncreteness under Article III is not satisfied every time a statute creates a legal obligation and grants a private right of action for its violation . . . the relevant injury is whether "[The plaintiff] was harmed when this statutory right was violated.").

In *Spokeo Inc. v. Robins,* the Supreme Court clarified that a "concrete" injury sufficient to confer standing is a real-world injury suffered by a plaintiff that "must actually exist." *Spokeo*, 136 S.Ct. at 1548. A bare statutory violation, one "divorced from any concrete harm," cannot serve to confer standing. *Id.* at 1549-50. Therefore, "an asserted injury to even a statutorily conferred right 'must actually exist,'" and "the legislature cannot dispense with the constitutional baseline of a concrete injury in-fact." *Hancock v. Urban Outfitters, Inc.*, 830 F.3d. 511, 514 (D.C. Cir. 2016) (citing *Spokeo*, 136 S.Ct. at 1549).

With its decision in *Salcedo v. Hanna*, 936 F.3d 1162, 1165 (11th Cir. 2019), the Eleventh Circuit defined a heightened level of injury for alleged TCPA claims—a level of injury that Plaintiff, here, has not met. In *Salcedo,* the plaintiff, John Salcedo, on behalf of a class, sought relief under the TCPA after he received a single promotional text message from his former attorney. He sought treble damages of $1,500 per message sent willfully or knowingly. The district court

6

held the plaintiff had standing, but it granted the defendant's petition for interlocutory appeal for the Eleventh Circuit to review the same issue.

The plaintiff in *Salcedo* characterized his injury as wasted time addressing the message and that "[w]hile doing so, both plaintiff and his cellular phone were unavailable for otherwise legitimate pursuits." The plaintiff argued this was fundamentally aligned with a prior standing decision from the Eleventh Circuit regarding the receipt of a single junk fax. The court distinguished that case on the grounds that the process of receiving a fax was fundamentally differently than receiving a text message. A fax machine is unable to both send and receive other messages during receipt of the junk fax and incurs immediate costs for the recipient. In this case, however, the plaintiff could continue to use all functions of his phone, suffered no "loss of opportunity," and incurred no additional costs.

In *Salcedo,* the Eleventh Circuit decided that the plaintiff had not suffered an injury in fact. The court concluded that any alleged injury suffered from a single text message, even if in violation of the TCPA, was not concrete enough to allow the plaintiff class to proceed with its suit against the senders of the message. In ruling, the court compared the receipt of a text message to torts such as intrusion upon seclusion, nuisance, conversion, and trespass to chattel. The court found receipt of a single text message to be "isolated, momentary, and ephemeral," and not comparable to these historical tort actions. Receiving a text message, the court concluded, is more akin to having a flyer briefly waved in your

face and "not a basis for invoking the jurisdiction of the federal courts." The court argued that the ultimate inquiry for a concrete injury analysis should be about the **quality of the communication, *not* the quantity**. In this case the court held that the quality of the injury--receipt of a single text message--did not constitute an injury-in-fact and the plaintiff, therefore, did not have standing under Article III. The appellate court's decision reversed the district court with instructions to dismiss on remand.

Notably, in this case, Hill has not even attempted in his Complaint to plead an injury as a result of having allegedly received the text messages from Adore Me. Thus, the court need not weigh the allegations of any alleged injury against the *Saledo* analysis as there is no injury alleged. For this reason alone, the Complaint should be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III.  Legal Standard For a Motion to Dismiss

When evaluating a motion to dismiss for failure to state a claim under Federal Rule of Procedure 12(b)(6), courts "begin by identifying conclusory allegations in the Complaint." *Mamani v. Berzain*, 654 F.3d 1148, 1152-53 (11th Cir. 2011). "Legal conclusions without adequate factual support are entitled to no assumption of truth." *Id*. The court must therefore strip away "the complaint's conclusory legal allegations and then determin[e] whether the remaining well-pleaded factual allegations, accepted as true, plausibly give rise to an entitlement

to relief." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Allegations that are of a "conclusory nature" are "disentitle[d] . . . to the presumption of truth." *Id.* at 681; *see also American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (courts deciding motions to dismiss should "eliminate any allegations in the complaint that are merely legal conclusions.")

### IV. Plaintiff Has Failed to State a Claim for TCPA Violations (Counts I and II) Because He Failed to Allege that Adore Me Used an ATDS System

"Congress enacted the . . . TCPA to prevent abusive telephone marketing practices." In pertinent part, the TCPA prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any <u>automatic telephone dialing system</u> . . . to any telephone number assigned a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). An "automatic telephone dialing system" (ATDS) is defined as "equipment which has the capacity - - (A) to store or produce telephone numbers to be called, <u>using a random or sequential number generator</u>; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added). Thus, in order to state a claim under the TCPA, Plaintiff must allege that when sending the text messages, Adore Me used an ATDS. 47 U.S.C. §

9

227(b)(1)(A). However, neither the Plaintiff's rendition of the TCPA's elements nor the bare bones factual assertions set out in the Complaint meet that standard.

Indeed, critically missing from the Complaint are any facts permitting an inference that the text message Plaintiff received were sent using equipment that stores and produces numbers to be called "using a random or sequential number generator." 47 U.S.C. § 227(a)(1). The facts alleged suggest quite the opposite. Hill alleges that the text message did not reach him randomly, but rather reached him because he had an established relationship with Adore Me which he terminated (*See* Complaint at ¶ 13). Because Hill alleges that the text message he received were intended for him as a targeted recipient, it is not reasonable to infer that the text messages were sent with equipment "using a random or sequential number generator." 47 U.S.C. § 227(a)(1). Plaintiff's claims fail as a matter of law and must be dismissed due to the failure to allege use of an ATDS. Because this determination turns largely on a question of statutory interpretation, the dismissal of the TCPA claim should be with prejudice.

**V.    Plaintiff Fails to State A Claim Based Upon a Failure to Maintain Internal Procedures for Handling Opt-Out Requests (Counts II) Because 47 U.S.C. § 227(c) Does Not Contain Any Procedural Requirements and 47 C.F.R. § 64.1200(d) Does Not Create a Private Cause of Action**

Count II alleges Adore Me violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d) by failing to maintain appropriate internal procedures relating to recipient opt-outs. Compl. at ¶ 45. It would, however, be impossible for Adore Me to have violated 47 U.S.C. § 227(c) because that subsection does not contain any

10

prohibitions or requirements to be met. Section 227(c), rather, simply grants the Federal Communications Commission rulemaking authority "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object," including the authority to create a national do-not-call database. *Id.* at (c)(1)-(4). While 47 U.S.C. § 227(c)(5) creates a private cause of action for violations of the regulations prescribed under 227(c), it does not create a cause of action for violations of 47 U.S.C. § 227(c) itself. This is because, as previously stated, 47 U.S.C. § 227(c) contains no provisions that could be violated. Any claims based upon alleged violations of 47 U.S.C. § 227(c) must therefore fail as a matter of law.

With respect to 47 C.F.R. § 64.1200(d), this regulation requires senders to institute procedures for maintaining a list of persons who have opted-out of receiving their messages and sets forth minimum standards for those procedures. *See also id.* at (e) (applying subsection (d)'s requirements to calls made to cell phones). The procedures set forth in 47 C.F.R. § 64.1200(d) were promulgated pursuant to 47 U.S.C. § 227(d) ("Technical and procedural standards"). Because 47 U.S.C. § 227(d) does *not* create a private cause of action, a private litigant cannot recover for an alleged violation of 47 C.F.R. § 64.1200(d). *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *7 (D. Md. 2016); *Burdge v. Association Health Care Mgmt, Inc.*, No. 1:10-cv-00100, 2011 WL 379159, at *4 (S.D. Ohio 2011); *Boydston v. Asset Acceptance LLC*, 496 F.Supp.2d 1101, 1110 (N.D.Cal. 2007) ("[A]llowing separate recovery for each and every technical violation alleged would create a windfall for plaintiffs clearly not

11

in the contemplation of Congress."). For these reasons, Count II should be dismissed.

### VI. Plaintiff Fails to State A Claim for Treble Damages in Counts I and II Because He Fails to Allege Facts that Adore Me's Alleged Conduct was Knowing or Willful

Section 227(b)(3)(B) of the TCPA provides that "If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times [damages]." Section 227(c)(5)(C) contains the same provision. As explained by the Eleventh Circuit:

> The requirement of 'willful or knowing conduct requires the violator to know that he was performing the conduct that violates the [TCPA]... If we interpreted the statute to require only that the violator knew he was making a 'call' or sending a fax, the statute would have almost no room for violations that are *not* 'willful or knowing.'

*Lary v. Trinity Physician Fin. & Ins. Services*, 780 F.3d 1101, 1107 (11th Cir. 2015) (emphasis original, internal punctuation and citations omitted); *accord Morsillo v. Progressive Fin. Services, Inc.*, No. 18-60658, 2018 WL 2304747, at *1–2 (S.D. Fla. 2018). Bare assertions that a defendant's conduct is "knowing" and "willful" constitute legal conclusions the court need not accept as true. *Id.*

Moreover, as to alleged violations based upon internal opt-out procedures, and as also set forth herein, 47 U.S.C. § 227(d) does not contain a private cause of action, much less a private remedy for treble damages. *Compare* Section 227(b)(3)(B); *Id.* at (c)(5)(C). And, even if the claims were to be evaluated under 47 U.S.C. § 227(c), contrary to persuasive, well-reasoned case law and the plain language of that subsection, Plaintiff failed to plead that Adore Me knowingly

and/or willfully violated its terms or that Adore Me did not have appropriate procedures in place. Because Plaintiff's Complaint fails to adequately plead "knowing and/or willful" TCPA violations, the court should dismiss Hill's claims for treble damages.

### VII. This Court Should Strike Plaintiff's Class Allegations Pursuant to Federal Rule of Civil Procedure 12(f) Because it is Impermissibly Fail-Safe

In the alternative, if the Court declines to dismiss this case, it would be proper to strike Plaintiff's class allegation from the Complaint pursuant to Fed. R. Civ. P. 12(f) because the proposed class is impermissibly fail-safe. Because Plaintiff's alleged class precludes membership unless Defendant's liability is established, and because it requires individualized merit-based determinations to ascertain class membership, it is invalid on its face.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Fail-safe classes, which are defined so that they include only individuals who are entitled to relief, are not viable. *See Messner v. Northshore University Health System*, 669 F.3d 802, 824 (7th Cir. 2012) ("[S]uch a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment."); *Kamar v. Radio Shack Corp.*, 375 Fed.Appx. 734, 736 (9th Cir. 2010). Although it appears that the Eleventh Circuit has not expressly ruled upon this issue, "case law within

13

this Circuit and persuasive Circuit level authority indicates that a class cannot be certified where the proposed class definition employs conclusory language identifying class membership in terms of the ultimate merits question of defendant's liability." *Alhassid v. Bank of America, N.A.*, 307 F.R.D. 684, 693 (S.D. Fla. 2015). To preserve judicial economy, this Court should strike Plaintiff's proposed fail-safe class now, rather than waiting until the class certification stage.

Fail-safe classes waste a court's time in conducting "mini-trials" about which individuals should be included in the class before the merits stage. *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 294 (N.D. Ill. 2014). Moreover, fail-safe classes can also allow plaintiffs to create an end run around the claim preclusion aspects of a class action. *See Young v. Nationwide Mutual Insurance Company*, 693 F.3d. 532, 538 (6th Cir. 2012). Certifying a fail-safe class "is prohibited because it would allow putative class members to seek a remedy, but not be bound by an adverse judgment – either those class members win or, by virtue of losing, they are not in the class and are not bound." *Id.*

Plaintiff's class allegations are the type of fail-safe classes which courts have deemed impermissible. The classes that Hill seeks to represent are comprised of and defined as:

> **DO NOT CALL CLASS:** All persons in the United States who from four years prior to the filing of this action (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase

> or rental of, or investment in, Defendant's property, goods, or services.
>
> **Internal Do Not Call Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, (1) Defendant, or anyone on Defendant's behalf, (2) placed a text message call, (3) for the purpose of encouraging the purchase or rental of, or investment in, Defendant's property, goods, or services, (4) to said person's residential telephone number, (5) after the person had requested to Defendant to not receive any more telephonic communications from Defendant.

When sending out class notices for these classes or otherwise ascertaining class membership, the court would have to conduct a mini-trial regarding who Adore Me texted during the limitations period, whether Adore me used an auto dialer, whether the putative class member provided prior express consent as well as other factors. If the court determines someone qualified as a member of the class, there is nothing more class counsel would have to demonstrate for that class member to win on the merits. If the court determined someone did not qualify as a member of the class (or that no one qualifies as a member of the class), that person would be entirely free to bring a TCPA claim in a different court, even though the this court decided that Adore Me did not send them one or more text messages using an auto dialer. Either the class members win, or by virtue of losing, they are not bound by any adverse judgment – and can pursue the same claims in the future – because they were never part of the class to begin with. *Messner,* 669 F.3d at 825; *Alhassid,* 307 F.R.D. at 693. This is the very definition of a fail-safe class.

## VIII. CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendant, Adore Me, Inc., respectfully requests this Honorable Court dismiss the Complaint and strike the putative class allegations, and for any further relieve that this Court may deem just and appropriate.

### LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that, pursuant to Local Rule 3.01(g), on December 3, 2021 the undersigned has conferred via telephone with counsel for Plaintiff, who advised that he objects the relief sought in this Motion to Dismiss and Motion to Strike.

Dated: December 3, 2021

    Respectfully Submitted,

*/s/ Maura F. Krause*
Maura Krause, Esquire
Florida Bar No. 19082
Catherine Higgins, Esquire
Florida Bar No. 112019
GOLDBERG SEGALLA, LLP
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
(561) 618-4462 Office
(561) 618-4549 Fax
*Email designations:*
mkrause@goldbergsegalla.com
chiggins@goldbergsegalla.com
pborges@goldbergsegalla.com
*Counsel for Defendant Adore Me, Inc*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served by the Court's ECF system to the following individuals:

Ignacio Hiraldo, Esq.
IJH Law
1200 Brickell Ave., Suite 1950
Miami, Florida 33131
Phone: (786) 496-4469
IJhiraldo@IJHlaw.com
*Attorney for Plaintiff*

On this 3rd day of December 2021.

*/s/ Maura F. Krause*