UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM HILL,

    Plaintiff,

v.                                                       Case No. 6:21-cv-1931-RBD-GJK

ADORE ME, INC.,

    Defendant.
_____

## ORDER

Before the Court are:

1. Defendant Adore Me, Inc.'s Amended Motion to Dismiss the Class Action Complaint and Amended Motion to Strike the Putative Class Allegations (Doc. 7 ("Motion")); and

2. Plaintiff's Response in Opposition to Defendant's Amended Motion to Dismiss and Amended Motion to Strike (Doc. 13).

Defendant's Motion is due to be granted in part and the case remanded.

## BACKGROUND[1]

Defendant sent multiple solicitation text messages to Plaintiff's personal cell phone, and Plaintiff responded "STOP." (Doc. 1-1, ¶¶ 2–3, 11, 13, 17.) But Plaintiff

---

[1] The factual allegations are presented in the light most favorable to Plaintiff and taken as true for the purposes of this Motion. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

continued to receive messages, so he brought putative class action claims against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA"). (*Id.* ¶¶ 14, 32–49.) Defendant removed the case and now moves to dismiss the Complaint. (Doc. 1; Doc. 7, p. 2.) Plaintiff opposed. (Doc. 13.) The matter is ripe.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations as true and construe them "in the light most favorable" to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

## ANALYSIS

Defendant first argues, among other things, that Plaintiff lacks standing because he has not alleged a concrete injury. (Doc. 7, p. 2.) The Court agrees.

A plaintiff has standing to sue by alleging an "injury in fact that is concrete and particularized." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019) (cleaned up). Although "receipt of more than one unwanted telemarketing call . . .

is a concrete injury," the same cannot be said of more than one text message received.[2] *See id.* at 1270; *cf. Salcedo v. Hanna*, 936 F.3d 1162, 1173 (11th Cir. 2019). So "unless a complaint alleges some tangible or intangible harm, a TCPA plaintiff's receipt of unwanted text messages is, standing alone, insufficient to confer Article III standing." *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1224 (S.D. Fla. 2020).

Here, Plaintiff has not alleged any injury, much less a tangible, concrete one. (*See* Doc. 1-1.) Plaintiff did not assert that his phone carrier charged him for the messages, the texts interfered with private or business affairs, or he wasted an inordinate amount of time reviewing them. *See Salcedo*, 936 F.3d at 1172; *Mittenthal*, 472 F. Supp. 3d at 1224; *Perez v. Golden Tr. Ins., Inc.*, 470 F. Supp. 3d 1327, 1328 (S.D. Fla. 2020); *cf. Teblum v. Physician Compassionate Care LLC*, No. 2:19-cv-403, 2020 WL 10502588, at *6 (M.D. Fla. Mar. 26, 2020). As such, Plaintiff has not established standing. So Defendant's Motion is due to be granted in part and the case remanded for lack of subject matter jurisdiction.[3]

---

[2] Plaintiff's cited cases are inapposite because they deal with standing conferred on plaintiffs alleging TCPA violations through phone calls, not text messages. *See, e.g., Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, No. 19-cv-60597, 2021 WL 2453114, at *4 (S.D. Fla. June 16, 2021).

[3] Though Defendant seeks dismissal, the case is instead due to be remanded as the Court does not have jurisdiction. *See McGee v. Solic. Gen. of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013); *Mittenthal*, 472 F. Supp. 3d at 1226.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Defendant's Motion (Doc. 7) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** insofar as this case is **REMANDED** on standing grounds for lack of subject matter jurisdiction to the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida.

    b. In all other respects, the Motion is **DENIED WITHOUT PREJUDICE**.

2. The Clerk is **DIRECTED** to terminate all pending motions and close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 20, 2022.



ROY B. DALTON JR.
United States District Judge